**Fill in this information to identify your case:**

Debtor 1: Richard Michael Cionci
         First Name   Middle Name   Last Name

Debtor 2:
(Spouse, If filing)  First Name   Middle Name   Last Name

United States Bankruptcy Court for the: District of South Carolina

Case number
(If known)

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification

☐ Post-confirmation modification

FILED
at 12 o'clock 59 min. P M

FEB 02 2022

United States Bankruptcy Court
Columbia, South Carolina

## District of South Carolina
# Chapter 13 Plan

12/17

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☒ Included | ☐ Not included |

Debtor  Richard M. Cionci _____    Case Number _____

## Part 2: Plan Payments and Length of Plan

2.1 The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$ 2000_____    per month    for  60__  months

[and $ _____    per month    for _____ months.]

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☑ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):_____.

2.3 Income tax refunds.

*Check one.*
- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income tax refunds as follows:

2.4 Additional payments.

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
- ☐ The debtor will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

Debtor Richard M. Cionci_____    Case Number _____

**3.1 Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
|---|---|
| _____ | _____ |

*Insert additional claims as needed.*

☐ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Wilmington Savings Funds Soc | Real Property Located at 2116 Blakers Blvd. Bluffton, SC 29909 | $40000 Includes amounts accrued through the 02/2022 payment] | 0 % | $ 500 (or more) |

*Insert additional claims as needed.*

☑ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed.*

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2 Request for valuation of security and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim.* For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Debtor <u>Richard M. Cionci</u>                           Case Number _____

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Cypress Ridge H | $ 13000 | 212000 | $ 212000 | $ 0 | $ 13000 | 0 % | $ 216 (or more) |

*Insert additional claims as needed.*

**3.3 Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| _____ | _____ | $ _____ | _____ % | $ _____ (or more) |
| | | | | Disbursed by<br>☐ Trustee<br>☐ Debtor |

*Insert additional claims as needed.*

**3.4 Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| _____ | $ _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ |

Debtor <u>Richard M. Cionci</u>    Case Number _____

*Use this form for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| _____ | $_____ | $_____ | _____ | $_____ | $_____ | $_____ | $_____ |

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's fees

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $ <u>0</u> and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $ <u>0</u> or less.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*

☐ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

Debtor  Richard M. Cionci                                          Case Number _____

☑ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

    a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $ _____<br>Disbursed by<br>☑ Trustee<br>☐ Debtor |

*Insert additional claims as needed.*

## Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor will maintain the contractual installment payments and cure, through the trustee, any prepetition default in payments on the unsecured claims listed below.

| Name of creditor | Current installment payment (paid by the debtor) | Estimated amount of arrearage through month of filing or conversion | Monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|
| _____ | $ _____ | $ _____ | $ _____<br>(or more) |

*Insert additional claims as needed.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

Debtor Richard M. Cionci _____    Case Number _____

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Total amount to be paid on the claim | Interest rate (if applicable) |
|---|---|---|
| _____ | $ _____ | _____ % |

Specify the amount and frequency of payments and whether disbursed by the trustee or the debtor. _____

Provide a brief statement of the basis for separate classification and treatment. _____

_____

*Insert additional claims as needed.*

☐ **Other.** An unsecured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

## Part 6:  Executory Contracts and Unexpired Leases

6.1 **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | $ _____ |
| | | | | (or more) |

*Insert additional claims as needed.*

## Part 7:  Vesting of Property of the Estate

7.1 **Property of the estate will vest in the debtor as stated below:**

*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

Debtor **Richard M. Cionci** _____ Case Number _____

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

8.1 (a) Mortgage payments to be disbursed by the Trustee ( " Conduit " ): Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

Name of Creditor: Wilmington Savings Funds Society Fsb As Trustee
Description of Collateral (note if principal residence; include county tax map number and complete street adress): Residence at 2116 Blakers Blvd. Bluffton, SC 29909 # 610-Town of Bluffton
Current installment payment (ongoing payment amount)*: $1157  Escrow for taxes: No  Escrow for insurance: No.
Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit): $0
Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion): $1157
Monthly payment on pre-petition arrearage: $77 Or More

* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.
** The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.
All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available. See the Operating Order of the Judge assigned to this case, on a pro rata basis as funds are available.
Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges unless otherwise ordered by the Court.

RESERVATION OF RIGHTS: Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have regarding any issues not specifically addressed or determined by the plan, against any creditor or other party interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. 542, 543, 544, 547, and 548. The reservation of rights shall continue until the later of six (6) months after completion of the plan or, if related to a claim, the filing of the claim or an amended claim.

## Part 9: Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

✗ _/s/ [signature]_____    ✗ _____
Signature of Debtor 1                                     Signature of Debtor 2

Executed on  2/1/2022          Executed on _____
              MM / DD / YYYY                              MM / DD / YYYY


✗ _____      Date _____
Signature of Attorney for the debtor    DCID #                    MM/DD/ YYYY

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

IN RE:  
RICHARD CIONCI  
Last four digits of social security # 4456  
2116 Blakers Blvd.  
Bluffton, SC 29909  

CASE NO:  
CHAPTER 13

# NOTICE OF OPPORTUNITY TO OBJECT

The debtors in the above captioned case filed a chapter 13 plan on February 1, 2022. The plan is attached.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the chapter 13 plan must be in writing and filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtors, and any attorney for the debtors no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on the confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice of applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

Date: February 1, 2022

Signature _/s/ Richard Cionci_  
Name: Richard Cionci  
Address: 2116 Blakers Blvd.  
Bluffton, SC 29909  
843-706-0845

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:                                                              CASE NO:
RICHARD CIONCI                                          CHAPTER 13
Last four digits of social security # 4456
2116 Blakers Blvd.
Bluffton, SC 29909

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the below stated date. The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

Date: February 1, 2022

Signature /s/ Richard Cionci
Name: Richard Cionci
Address: 2116 Blakers Blvd.
Bluffton, SC 29909
843-706-0845