UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | **Case No 22-00251-jw** |
| RICHARD MICHAEL CIONCI | **CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| Debtor. | Chapter 13 |

The Chapter 13 Trustee hereby objects to the confirmation of Debtor's Plan, filed February 2, 2022, and any subsequently filed Plan, if all issues raised below are not resolved. Trustee asserts that the plan does not meet the requirements of the bankruptcy code, Chambers Guidelines, Operating Orders, and South Carolina Local Bankruptcy Rules (SC LBR), and the Plan filed does not appear to meet all of the requirements of confirmation pursuant to 11 U.S.C. §1322 and §1325.  Debtor bears the burden of proof that the plan meets confirmation requirements, and Debtor has not met that burden of proof as follows:

1. The Plan does not comply with the form required by SC LBR 3015-1 (effective May 2019).

2. Service of Plan:  It does not appear from the docket that Debtor served all creditors with a copy of the Plan, as the certificate of service attached to the Plan indicates that "The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court."  The Plan filed with the Court does not specify any names or addresses.   Unless the Debtor did serve the plan and does correct the certificate of service to show the names and addresses, the deadline to object has not begun.

3. The payments to the Trustee are required to begin 30 days after the date of filing the Voluntary Petition.   The first payment is due to the Trustee[1] by March 4, 2022.  Failure to begin payments is itself a basis for dismissal of the case.

4. The Plan payment proposed does not appear to meet disposable income requirements, based upon the information in Schedules I and J and the Statement of Current Monthly Income (CMI):
    (a) The pay advices have not been filed to support the information in the Schedules.  In the previous case, filed in August 2021, the Debtor failed to explain the difference of $1,765.00 per month between the Schedule I figures and the pay advices.
    (b) Schedule J shows that the Debtor will pay $1,157.00 for his mortgage, but the Plan proposes that the Trustee make those payments via conduit.  This expense should not be listed.
    (c) The CMI shows that the Debtor has monthly disposable income available to pay the unsecured creditors of $1,473.00 per month.  Line 46 appears to indicate this

---

[1] Payment address:  Chapter 13 Trustee, PO Box 110, Memphis TN 38101-0110.

number should be reduced, but the 'Reason for change' as stated is cut off and references a "Previous salary." Since the Debtor has had the same employment for at least 15 years, Trustee seeks evidence of the Debtor's income through pay advices, and tax returns, and written evidence from the employer of any reduction.

5.    The Plan has errors, as follows:
    a.  Section 2.2 -- only one box should be checked
    b.  Section 3.1(c ) -- should be checked since there is Conduit treatment for mortgage
    c.  Section 4.5 -- IRS debt is not a "Domestic support obligation" Priority tax debt is treated pursuant to Section 4.4 of the plan (plan form effective May 2019)
    d.  Section 8.1 of plan Conduit language has duplication of phrase.
    e.  Wilmington Savings Fund –
       (1)  The treatment in 3.1(b) indicates debtor will be maintaining payments directly, which conflicts with the conduit language in 8.1 which indicates that the Trustee will maintain payments.  3.1(b) should be removed as conduit treatment is required pursuant to Op Order 20-13 (revised 2/27/21).
       (2)  The amount of arrears Section 3.1(b) does not match the arrears in Section 8.1, and is significantly lower than the amount in the proof of claim filed int he previous bankruptcy filing.
       (3)  No monthly payment is proposed to cure GAP payments.

    f.  Mill Creek Cypress Ridge HOA - debtor seeks to value the claim but Section 3.2 does not clearly state the collateral, the estimated claim does not match the amount on Schedule D, and the columns of the form plan treatment are not completed correctly.

6.    The Chapter 13 Trustee needs to review the following documents, required by Local Rule and/or 11 U.S.C. §521(a), AT LEAST SEVEN (7) DAYS before the §341 Meeting (**by March 15, 2022**).  **Failure to timely submit documents can constitute a basis for dismissal of the case:**

    (a)  County real estate tax assessment – to be provided by mail[2] to the Trustee.
    (b)  Copies of most recently filed tax returns with all schedules attached, but with privacy information (social security numbers, routing numbers and minor children names) blocked out to protect privacy  - to be provided by mail[2]  to the Trustee
    (c)  Pay advices for at least the 60 days prior to the filing of the Voluntary Petition, with privacy information blocked out **– to be filed with the Court.**
    (d)  Proof of identity (legible copy of drivers license) and proof of social security number (legible copy of social security card)– by mail[2] to the Trustee.

The Chapter 13 Trustee reserves the right to amend this objection or to file for other relief at an earlier hearing until such time as the Debtors have filed complete and accurate schedules and statements, and the Trustee has had time to review the information.

      The Debtor has previously filed a Chapter 13 Bankruptcy case, and filed a Plan and Schedules with similar errors.  In that case the Trustee filed a detailed objection to the Plan,

---

[2] Correspondence address:  James M. Wyman, Trustee, PO Box 997, Mt Pleasant, SC 29465-0997

as in the current case.  In the previous case, the Debtor did not make any corrections to the plan or schedules, failed to attend two (2) scheduled §341 Meetings of Creditors, failed to attend the confirmation hearing and failed to make any payments to the Trustee.  In this new filing, Debtor has filed a substantially similar Plan and has provided less documentation than in the previous case.  Unless the issues raised in this objection are resolved quickly, the Trustee asks that if the case is dismissed, the Debtor should be barred from refiling another reorganization chapter of the bankruptcy code ("dismiss with prejudice to refile") for a period of at least 180 days.

WHEREFORE, the Trustee prays that the Court deny confirmation of the plan and dismiss or convert the case to a Chapter 7 at confirmation hearing, pursuant to 11 U.S.C. §1307(c).    Nothing in this pleading should be read as a waiver to the Trustee to request dismissal at an earlier time if warranted.

This day, February 22, 2022                    /s/ James Wyman
                                               James M. Wyman, Chapter 13 Trustee
                                               P.O. Box 997
                                               Mt. Pleasant, SC 29465-0997
                                               (843) 388-9844
                                               13office@charleston13.com

CERTIFICATE OF SERVICE

I hereby certify that I have served the attached Objection via U.S. Mail, postage attached, to the following:

RICHARD MICHAEL CIONCI
2116 BLAKERS BLVD
BLUFFTON SC 29909

This day, February 22, 2022                    /s/ Russell Jackson, II
                                               Russell Jackson, II
                                               Office of the Chapter 13 Trustee